IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| KIMBERLY K. BUCHANAN, | ) |
| | ) |
| Plaintiff, | ) Civil No. 05-1565-JO |
| | ) |
| v. | ) OPINION AND ORDER |
| | ) |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | ) ) |
| | ) |
| Defendant. | ) |

    Alan S. Graf
    ALAN STUART GRAF, PC
    P.O. Box 98
    Summertown, TN  38483

    Kimberly K. Tucker
    SWANSON, THOMAS & COON
    820 S.W. Second Avenue, Suite 200
    Portland, OR  97204

   Attorneys for Plaintiff

>Leisa A. Wolf
>Michael McGaughran
>SOCIAL SECURITY ADMINISTRATION
>Office of General Counsel
>701 Fifth Avenue
>Suite 2900 M/S 901
>Seattle, WA  98104
>
>Neil J. Evans
>UNITED STATES ATTORNEY'S OFFICE
>1000 S.W. Third Avenue, Suite 600
>Portland, OR  97204-2902
>
>    Attorneys for Defendant

JONES, Judge:

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security denying her application for a period of disability and disability insurance benefits ("DIB") under Title II, and Supplemental Security Income ("SSI") disability benefits under Title XVI of the Social Security Act.  *See* 42 U.S.C. §§ 401-33, 1381-83f.  This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the record, I conclude that the decision of the Commissioner must be reversed and remanded for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

Plaintiff, Kimberly Buchanan, was born on October 12, 1960; she was therefore thirty-four years old on January 1, 1995, the onset date of her alleged disability.  Tr. 123.  Plaintiff completed high school, obtained a certificate of completion in graphic design, and had attended some college courses at the time of her disability application.  Tr. 16.  Just prior to the onset of her disability, plaintiff worked as a production artist, an administrative assistant, a newspaper reporter, and a minutes recorder; she reported that she had to stop working because "any

2 - OPINION AND ORDER

repetitive or strenuous activity cause[d] pain to her right arm."  Tr. 16-17.  Plaintiff also claimed that the pain affected her ability to write and increased her anxiety.  Tr. 17.

Plaintiff protectively filed her applications for DIB and SSI on March 14, 1998.  Tr. 123, 474.  She alleges that as of January 1, 1995, she is disabled due to a combination of impairments which include:  a right arm injury, low back and neck pain, fatigue, and depression.  Tr. 194. Her applications were denied initially and on reconsideration.  Tr. 104-07, 110-12, 477-80, 482-84.  Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on January 20, 2000.  Tr. 57-97.  Plaintiff, who was not represented by an attorney, appeared and testified, as did Vernon Arne, a vocational expert ("VE").  Id.  On April 29, 2000, the ALJ issued a decision denying plaintiff's applications, finding that plaintiff was not disabled as defined by the Social Security Act, was not entitled to a period of disability or to DIB, and was not eligible to receive SSI payments.  Tr. 24.  The ALJ's decision became the final decision of the Commissioner on March 27, 2001, when the Appeals Council declined review.  Tr. 7-8.

Plaintiff then filed suit in United States District Court.  On August 16, 2002, the court reversed the Commissioner's decision and remanded for further proceedings to allow the Commissioner to:  modify the RFC finding, present a revised hypothetical to the VE, and clarify the evidentiary record regarding the opinions of treating and examining doctors.  Tr. 570.

On June 8, 2004, a new hearing was held before the ALJ.  Tr. 691-728.  Plaintiff, who was represented by attorney Robert Baron, appeared, along with her husband, Daniel Stotter, VE Jeffrey Tittelfit, and Dr. Kathleen Cordes.  Id.  Dr. Cordes testified, but the ALJ continued the hearing before others testified.  Id.  Following the hearing, Robert Baron withdrew as plaintiff's attorney and plaintiff's husband, Daniel Stotter, became plaintiff's attorney of record.  Tr. 501.

3 - OPINION AND ORDER

On December 15, 2004, a supplemental hearing was convened. Tr. 733-820. Plaintiff, who was represented by her husband, Daniel Stotter, appeared and testified, along with VE Kathleen O'Gieblyn and Dr. Cordes. Id.

On May 25, 2005, the ALJ issued a decision denying plaintiff's applications, finding that plaintiff was not disabled as defined by the Social Security Act, was not entitled to a period of disability or to DIB, and was not eligible to receive SSI payments. Tr. 516. The ALJ's decision became the final decision of the Commissioner on August 15, 2005, when the Appeals Council declined review. Tr. 485-87; *see* 20 C.F.R. §§ 404.981, 416.1481.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *see also* Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989); Andrews, 53 F.3d at 1039-40.

## SUMMARY OF THE ALJ'S FINDINGS

The ALJ employed a five-step "sequential evaluation" process in evaluating plaintiff's disability, as required. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant has the initial burden of proving a disability in steps one through four of the analysis. *See* Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). Then, if the claimant establishes that she is unable to continue her past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful activity in jobs existing in significant numbers in the national economy. *See* id. (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir.1989)); Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).

In this case, the ALJ first determined that plaintiff has not engaged in disqualifying substantial gainful activity since the alleged onset of her disability. Tr. 503. Second, the ALJ found that plaintiff suffers from the following medically determinable impairments which, in combination, are severe: degenerative disc disease, cervical strain, and depression. Tr. 503-04. The findings at steps one and two are not in dispute.

Third, the ALJ determined that plaintiff's impairments did not meet or equal the requirements of any impairment in the Listing of Impairments, Appendix 1, Subpart P, Regulations Part 404. Tr. 504. The ALJ also determined that plaintiff retains the residual functional capacity ("RFC") to lift ten pounds frequently and twenty pounds occasionally; to sit, stand, and walk without limitation; and to function with no more than the routine breaks typically provided by employers. Tr. 514. Based on the medical evidence in the record, the ALJ found that plaintiff has the following limitations: she must avoid using her right arm overhead; she must avoid performing strenuous or repetitive activity with her right arm; and she should

have only limited contact with the general public. Id. These findings are in dispute. (Pl.'s Opening Br. at 28-31.)

At the fourth step of the evaluation, the ALJ determined that plaintiff could perform her past relevant work as: administrative clerk, stenographer, graphics artist, editor, and proof reader. Tr. 514. This finding is also in dispute. (Pl.'s Opening Br. at 28-31.)

Alternatively, at the fifth step of the evaluation, the ALJ found that plaintiff can perform jobs existing in significant numbers in the national economy; thus, she is not disabled within the meaning of the Social Security Act. Tr. 27-28. This finding is also in dispute. (Pl.'s Opening Br. at 28-31.)

## **DISCUSSION**

Plaintiff challenges the final decision of the Commissioner on the grounds that the ALJ's determinations are not supported by substantial evidence considering the record as a whole, and that the decision is based on improper legal standards. (Pl.'s Opening Br. at 33.) Specifically, plaintiff argues that the ALJ improperly rejected lay witness testimony; and that the ALJ failed to comply with the remand order, which directed the ALJ to revise the hypothetical question proffered to the VE. Id. at 28-33.

I.   Lay Witness Testimony

Plaintiff argues that the ALJ improperly discounted the lay witness statements of Patt Dunn, plaintiff's vocational counselor, Daniel Stotter, plaintiff's former employer,[1] and Therese Picado, plaintiff's former co-employee. (Pl.'s Opening Br. at 31-33.) Specifically, plaintiff

---

[1] As noted above, Daniel Stotter was also, at the time of the 2004 hearing, plaintiff's husband and attorney of record.

argues that the ALJ erred by failing to supply reasons for discrediting the lay witness statements. (Pl.'s Reply Br. at I.) I agree.

"Friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify" to the claimant's condition. Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993). Such testimony "cannot be disregarded without comment." Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Thus, to discount lay witness testimony, the ALJ "must give reasons that are germane to each witness." Dodrill, 12 F.3d at 919; *see also* Nguyen, 100 F.3d at 1467; Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. 2006).

In this case, the ALJ was required to comment on the lay witness statements, as they related to plaintiff's ability to work. Daniel Stotter, for example, testified that plaintiff experienced significant pain while performing professional services at his office. Tr. 206. After noting that plaintiff often attempted to "tough it out," Stotter, who employed plaintiff for approximately two years, explained that on many occasions, plaintiff "was operating under extreme discomfort" and that "she required considerable recovery breaks in performing [professional] services in order to avoid further pain and injury to her arm and shoulder and to her back." Id. Similarly, Therese Picado testified that plaintiff's "pain was so debilitating she could not work at all." Tr. 218.

In response, the Commissioner argues that the lay witness statements were properly considered. (Defs.' Br. at 14.) According to the Commissioner, the ALJ rejected the lay witness statements because the statements were based on plaintiff's subjective complaints, and plaintiff's subjective complaints did not align with the objective medical evidence. (Id. at 14.) In other words, the Commissioner posits that it was proper for the ALJ to discount the lay witness

7 - OPINION AND ORDER

statements because there was sufficient evidence to support a finding that plaintiff had "full strength and function in her extremities."[2] (Id. at 14-15.) I disagree.

Although I find the Commissioner's argument persuasive, "I am constrained to review the reasons the ALJ asserts." Connett, 340 F.3d at 874. "The ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, 454 F.3d at 1054. In this case, the ALJ specifically found plaintiff's complaints not credible, but the ALJ did not give reasons germane to each witness before discounting the lay witness statements. Because such testimony cannot be disregarded without comment, the ALJ erred.

II.     Failure to Comply with the Remand Order

Plaintiff also argues that the ALJ failed to comply with the district court's Remand Order when he posed the vocational hypothetical to the VE. (Pl.'s Opening Br. at 28.) Specifically, plaintiff argues that the ALJ erred because he stated that the plaintiff needed to "avoid strenuous and repetitious activity, *over the light weight limits*, using the right arm" after the court directed the ALJ to include a limitation that would preclude plaintiff from performing all strenuous or repetitive activity with her right arm. (Id. (emphasis in original)).

---

[2]The district court, Redden, J., arrived at a conclusion similar to the Commissioner's argument when plaintiff raised this argument in the first appeal. Judge Redden opined that the ALJ did not err when he discounted the lay witness statements because the lay witness statements were based on plaintiff's subjective complaints. Tr. 569. According to Judge Redden, because the ALJ gave legally sufficient reasons for finding plaintiff's complaints not credible and the lay witness statements were based on plaintiff's subjective complaints, the ALJ was not required to provide specific reasons for rejecting the lay testimony. Id. While I find Judge Redden's reasoning persuasive, "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony." Stout, 454 F.3d at 1054. In other words, I am "constrained to review the reasons the ALJ asserts." Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003).

The district court's opinion directed the ALJ to revise the vocational hypothetical as follows:

> Plaintiff argues that the ALJ's conclusion that plaintiff's only limitations are "light work with no overhead lifting and no public contact" was not consistent with his own findings and also was not based on substantial evidence in the record. Plaintiff argues that this conclusion is inconsistent with the ALJ's other statements that plaintiff "is credible only to the extent of her allegations preventing her from performing strenuous or repetitive activity with her right arm" and that the medical record supports this additional limitation. Plaintiff argues that the ALJ erred in not including this limitation in the hypothetical presented to the VE. I agree that this limitation should have been included in the hypothetical to the VE.

Tr. 568 (citations omitted).

On remand, the ALJ proffered the following vocational hypothetical:

> Let me start out by having you limit individual to work at the light level except for the need to avoid strenuous and repetitious activity, over the light weight limits, using the right arm. And limiting above-shoulder work with the right arm to no more than occasionally, as the term is described from a vocational standpoint.

Tr. 806. In response to the vocational hypothetical, the VE testified that plaintiff could perform her past relevant work as a stenographer, an administrative clerk, a graphics artist, an editor, and a reader. Tr. 807. Moreover, later in the hearing, when the ALJ asked whether plaintiff could perform other jobs existing in the national economy, the VE testified that plaintiff could work as a data examination clerk, a medical voucher clerk, or a reader. Tr. 815-16.

The Commissioner argues that the ALJ complied with the Remand Order because the vocational hypothetical included the "physical and mental limitations that the ALJ found credible." (Defs.' Br. at 15.) Specifically, the Commissioner argues that the ALJ need not "recite certain 'magic words' in his hypothetical so long as the reviewing court can draw specific and legitimate inferences from his decision." Id. Thus, according to the Commissioner, the

9 - OPINION AND ORDER

vocational hypothetical reflected the limitations supported by the record and was therefore free of legal error. Id. I disagree.

When a district court remands a case with instructions, the Commissioner may not disregard the court's order. It may be appropriate under the regulations for the Commissioner to render a new, independent decision after a remand from federal court. See 20 C.F.R. § 404.983-984. Nonetheless, deviation from the Remand Order in the subsequent administrative proceedings is itself legal error. See Sullivan v. Hudson, 490 US 877, 886 (1989).

Although the ALJ presented a revised vocational hypothetical, he failed to comply with the Remand Order. The court specifically ordered the ALJ to include a limitation on the strenuous or repetitive use of the right arm, and the ALJ failed to include such a limitation. By stating that the plaintiff should "avoid strenuous and repetitious activity, *over the light weight limits*, using the right arm," the ALJ did not remedy the error cited by the district court. Thus, the ALJ erred.

III.     Remand

When an ALJ errs, the decision whether to remand for further proceedings or for immediate payment of benefits is within the discretion of the court. Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), *cert. denied*, 531 U.S. 1038 (2000). A remand for an award of benefits is appropriate when no useful purpose would be served by further administrative proceedings, or when the record has been fully developed and the evidence is not sufficient to support the Commissioner's decision. Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1989).

Improperly rejected evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such

evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman, 211 F.3d at 1178 (quoting Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)). In other words, whether to remand for an award of benefits turns on the utility of further proceedings.

In this case, remand for award of benefits is appropriate. First, the ALJ failed to provide legally sufficient reasons for rejecting the lay witness statements. Although an ALJ is free to disregard lay witness testimony, the ALJ cannot do so without comment. Nguyen, 100 F.3d at 1467. Moreover, the lay witness statements support a finding of disability. As discussed above, both Stotter and Picado testified that plaintiff's pain was so debilitating that she was unable to work. If fully credited, the lay witness statements support a conclusion that plaintiff's impairments render her incapable of returning to her past relevant work or performing other jobs mentioned by the VE.

In addition, the ALJ failed to comply with the remand order. Despite the fact that the district court ordered the ALJ to include a limitation in the vocational hypothetical which would prevent plaintiff from performing strenuous or repetitive activity with her right arm, the ALJ proffered a hypothetical in which the plaintiff was only required to avoid strenuous and repetitious activity *over the light weight limits*. Tr. 806. Thus, the ALJ both failed to comply with and gave no reason for deviating from the court's order.

Further, there are no outstanding issues to be resolved. The VE's testimony suggests that a person unable to do repetitious activity with her right arm would not be capable of competitive employment as an administrative clerk, a stenographer, a graphics artist, an editor, a proof

11 - OPINION AND ORDER

reader, a data examination clerk, or a medical voucher clerk. Tr. 809, 813-14, 818. Accordingly, there are no outstanding issues to resolve and remand for award of benefits is appropriate.

Finally, remand for award of benefits is warranted because of the extraordinary delay resulting from the Commissioner's errors. Additional delays for the Commissioner to attempt to satisfy her burden of developing the record are not justified. *See* Lawson v. Massanari, 231 F.Supp.2d 986, 997 (D. Or. 2001) (citing Ragland v. Shalala, 992 F.2d 1056, 1060 (10th Cir. 1993)). The Commissioner has had two opportunities to evaluate plaintiff's applications and has failed; meanwhile, plaintiff's concurrent applications have been pending since 1998. Given the nature of the delay, granting the Commissioner yet another opportunity to correct the same error identified by the court in its 2002 Remand Order is not justified. Id. Accordingly, I remand for the calculation and award of benefits.

## ORDER

For the reasons described above, the Commissioner's final decision is REVERSED and this matter is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits consistent with this Opinion.

DATED this 3rd day of January, 2007.

    /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

12 - OPINION AND ORDER